## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## GAINESVILLE DIVISION

KELLY GONZALEZ,

   Plaintiff,

v.            CASE NO.: 1:21-cv-00078-AW-GRJ

GRAY TELEVISION, INC.,
d/b/a WCJB-TV20 NEWS,

   Defendant.

_____/

### DEFENDANT'S MOTION TO DISMISS COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Gray Television, Inc. ("Gray")[1] hereby moves to dismiss Plaintiff Kelly Gonzalez's ("Gonzalez") Complaint for failure to state a claim upon which relief can be granted.  Gonzalez's one-count claim under the Florida Whistleblower Act, Fla. Stat. § 448.102 *et seq*. ("FWA"), is time-barred and should thus be dismissed in its entirety.  The grounds for this motion are set forth in the memorandum of law below.

---

[1] Gray Media Group, Inc. employed Plaintiff and is the proper defendant in this action.  Gray Media Group, Inc. is a wholly-owned subsidiary of Gray Television, Inc.

## MEMORANDUM OF LAW

## INTRODUCTION

Notwithstanding the applicable two-year limitations period for FWA claims, Gonzalez last worked for Gray on October 23, 2017—*over three and a half years ago*.  Gonzalez filed the instant lawsuit claiming that her termination in October 2017, as well as her work environment at Gray, violated the FWA.  However, Gonzalez waited until February 2021 to file her FWA claim, more than three and a half years after her termination and, more importantly, over a year after the limitations period expired.  The Court should therefore dismiss Gonzalez's FWA claim as untimely and time-barred.

## FACTUAL BACKGROUND[2]

Gray hired Gonzalez as an associate producer in August 2016, and promoted her to weekend reporter in November 2016.  (Doc. 1-1 at ¶¶ 8-9) (hereinafter cited as the "Compl.").  In her Complaint, Gonzalez claims that her manager subjected her to a hostile work environment by defending a coworker, banging on his desk, interrupting her, and using profanity toward her.  Compl. at ¶¶ 12–17.  Gonzalez reported her manager's conduct to human resources and her manager allegedly retaliated against her by denying her a promotion, assigning her a defective

---

[2] For purposes of this motion only, and pursuant to the standard set forth in *Twombly* and *Iqbal* for addressing motions to dismiss for failure to state a claim, Gray has accepted Gonzalez's allegations in her Complaint as true.  Notwithstanding this motion, Gray denies that it engaged in any wrongdoing, denies that it violated the FWA, and denies that Gonzalez is entitled to any relief.

company vehicle, preventing her from seeing herself before she appeared on-air, and sharing an unflattering image of her.  Compl. at ¶¶ 18–23.  Gonzalez further contends that her termination on October 23, 2017, was in retaliation for her complaint to human resources about her manager.  Compl. at ¶ 24.  Each of these claims allegedly occurred on or before October 23, 2017, which was Gonzalez's last day with Gray.  Compl. at ¶¶ 12–24.

On or around September 13, 2018, Gonzalez filed a charge of discrimination against Gray with the Equal Employment Opportunity Commission ("EEOC"), alleging sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").  Compl. Ex. A.  On October 19, 2020, the EEOC finished its investigation into Gonzalez's charge and found no evidence that Gray violated Title VII with respect to Gonzalez's employment.  Compl. Ex. B.  The EEOC issued Gonzalez a notice of her right to sue Gray for purported violations of Title VII within 90 days of October 19, 2020.  *Id*.  This meant that the deadline for Gonzalez to file a Title VII claim was on or before January 21, 2021.  *Id*.

On February 22, 2021, Gonzalez filed the instant action in the Eighth Judicial Circuit Court, in and for Alachua County, Florida, claiming retaliation in violation of the FWA.  Compl. at ¶¶ 25–28.  Gonzalez declined to assert a Title VII claim against Gray in her Complaint.  *See* Compl. at ¶¶ 25–28.  On April 27, 2021, Gray removed the instant action to the Northern District of Florida based on

diversity jurisdiction.   (Doc. 1).   This motion is timely filed within 7 days after Gray submitted its notice of removal.  *See* Fed. R. Civ. P. 81(c)(2)(C).

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Gonzalez's one-count Complaint should be dismissed for failure to state a claim upon which relief can be granted because it is time-barred.  *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *see also La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (holding that a Rule 12(b)(6) dismissal based on the statute of limitations is appropriate if it is apparent from the complaint that the claim is time-barred).

FWA claims must be brought within two years after the retaliatory personnel action is discovered, or four years after the retaliation occurs, whichever is *earlier*. Fla. Stat. § 448.103(1)(a).  The Eleventh Circuit and other district courts in Florida have held that the two-year limitations period applies, and begins to run, on the date the plaintiff learns of the personnel actions at issue.  *See Howard v. Ditsworth*, 133 F. App'x 664, 665 (11th Cir. 2005) (limitations period expired two-years after plaintiff learned he was denied a promotion); *see also Dawodu v. DHL Express (USA) Inc.*, No. 18-24587-CIV, 2019 U.S. Dist. LEXIS 33166, at *5 (S.D. Fla. Feb. 27, 2019) (two-year limitations period applied to plaintiff's FWA termination

PD.33563328.1

claim, and the limitations period started to run on the date plaintiff learned of his termination); *Sanders v. Temenos USA, Inc.*, No. 16-cv-63040, 2017 U.S. Dist. LEXIS 122897, at *10–11 (S.D. Fla. Aug. 4, 2017) (same).

Here, Gonzalez's claim is barred by the FWA's two-year limitations period. Gonzalez bases her FWA claim on two employment actions: (1) her termination on October 23, 2017, and (2) a hostile work environment that allegedly existed before her termination.  Compl. at ¶¶ 12–24; Compl. Ex. A.  Gonzalez's Complaint and EEOC charge show that Gonzalez was present for, and knew of, these two actions on or before October 23, 2017.  *Id*.  For example, Gonzalez states in her Complaint and EEOC charge that her manager told her of her termination directly on October 23, 2017, and that she personally witnessed a hostile work environment before her termination.  *Id*.  Thus, Gonzalez had until **October 23, 2019**—two years from October 23, 2017—to bring an FWA claim based on her termination and for an alleged hostile work environment.  *See, e.g.*, *Howard*, 133 F. App'x at 665. Gonzalez, however, did not file her FWA claim until **February 22, 2021**—16 months *after* the limitations period had expired.  Therefore, the Court should dismiss Gonzalez's FWA claim for being time-barred.[3]

---

[3] At the latest, Gonzalez knew of her retaliation claim at the time she filed her EEOC charge on or about September 13, 2018, when she checked the retaliation box on her charge and alleged that her termination and hostile work environment was retaliatory.  Compl. Ex. A.  Thus, even if Gonzalez did not "discover" the retaliation until the filing of her charge, her FWA claim would still be time-barred because the Complaint was filed more than two years after her EEOC charge.

PD.33563328.1

### B.    Gonzalez's Anticipated Tolling Argument

Based on discussions with Gonzalez's counsel about the timeliness issue, Gonzalez likely will argue that the filing of her EEOC charge tolled the statute of limitations period for her FWA claim, thereby making her FWA claim timely. Specifically, Gonzalez believes that the claim-splitting doctrine[4] required her to wait until she received a right to sue notice from the EEOC for her Title VII charge before filing her FWA claim because she intended to bring her Title VII and FWA claims in one lawsuit.  Gonzalez will likely argue that the limitations period for her FWA claim was tolled during the EEOC investigation into her Title VII charge because otherwise she would have been forced to bring her FWA claim before the Title VII claim became actionable and split her claims into two lawsuits.

However, this argument contradicts a widely-accepted legal principle, which provides that the filing of an EEOC charge **does not** toll the limitations period of a related claim that does not require EEOC review.  The U.S. Supreme Court first recognized this principle more than 40 years ago in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454 (1975).  In *Johnson*, the Supreme Court concluded that a plaintiff's EEOC charge for Title VII violations did not toll the limitations period for the plaintiff's related retaliation claim under 42 U.S.C. § 1981.  *Id.* at 465-66.

---

[4] The "claim splitting doctrine" applies where a second suit has been filed before the first suit regarding the same subject matter has reached a final judgment.  *Zephyr Aviation III, L.L.C. v. Keytech Ltd.*, No. 8:07-CV-227-T-27TGW, 2008 U.S. Dist. LEXIS 117479, at *10 (M.D. Fla. Jan. 11, 2008) ("The doctrine of claim splitting serves to foster judicial economy and efficiency, and to 'protect parties from the vexation of concurrent litigation over the same subject matter.'").

PD.33563328.1

The Supreme Court ruled there was no tolling because Title VII and § 1981, "although related, and although directed to most of the same ends, are separate, distinct, and independent," and provided for different remedies. *Id*. at 461. As Justice Blackmun wrote for the majority, "Congress clearly . . . retained § 1981 as a remedy against private employment discrimination separate from and independent of the more elaborate and time-consuming procedures of Title VII." *Id*. at 466. The Supreme Court considered any differences in the statutes' remedial measures, and its impact on litigation, as merely the "natural effects" of Congress' decision to require EEOC investigation for Title VII claims and not for § 1981 claims. *Id*. at 461. The Supreme Court emphasized that the plaintiff always had the unfettered right to pursue his § 1981 claims within the statute of limitations period, despite his corollary EEOC charge, and his failure to do so barred his claim. *Id*. at 466.

The Supreme Court considered the policy consequences of its ruling, stating that it "would have the effect of pressing a civil rights complainant who values his § 1981 claim into court before the EEOC has completed its administrative proceeding." *Id*. at 465. The Supreme Court also stated that it was "not unmindful of the significant delays that have attended administrative proceedings in the EEOC" and that a plaintiff's faith in the EEOC's remedies could induce a plaintiff to "sleep" on his other claims. *Id*. at 465, n. 11. Nevertheless, the Supreme Court

held that these policy considerations did not excuse the plaintiff's failure to take the "minimal steps" necessary to timely file his § 1981 claim. *Id*. at 465. The Supreme Court then gave a clear instruction on how to navigate situations where the plaintiff wishes to file a claim before the EEOC has completed its investigation on a related charge: "One answer to this, although perhaps not a highly satisfactory one, is that the plaintiff in his § 1981 suit may ask the court to stay proceedings until the administrative efforts at conciliation and voluntary compliance have been completed." *Id.*

In the 46 years after the Supreme Court's ruling in *Johnson*, both circuit and district courts across the country repeatedly have recognized the *Johnson* holding as an axiomatic legal principle. Citing *Johnson*, these courts (which includes the Eleventh Circuit and the Northern District of Florida) have categorically rejected plaintiffs' attempts to toll the limitations period for various state and federal claims based on the filing of a related EEOC charge. *See, e.g.*, *Lewis v. Asplundh Tree Expert Co.*, 305 F. App'x 623, 627 (11th Cir. 2008) (citing *Johnson*) ("[Plaintiff] argues that the statute of limitations [on his state-law tort claims and § 1983 claim] should be tolled for the period of the EEOC investigation. The Supreme Court has held, however, that the pendency of an EEOC claim does not toll the statute of limitations for a private civil rights claim because the two claims are truly independent."); *Castanga v. Luceno*, 744 F.3d 254, 255 (2d Cir. 2014) (citing

*Johnson*) ("filing an EEOC charge does not toll the limitations period for state-law tort claims, even if those claims arise out of the same factual circumstances as the discrimination alleged in the EEOC charge."); *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241, 250 (5th Cir. 1980) (citing *Johnson*) (filing of an EEOC charge did not toll the limitations period for a § 1981 claim based on same alleged facts); *Juarez v. Ameritech*, 957 F.2d 317, 322 (7th Cir. 1992) (citing *Johnson*) (plaintiff's state-law invasion of privacy claim was barred by the statute of limitations, and was not tolled by her filing an EEOC charge); *Arnold v. United States*, 816 F.2d 1306, 1312–313 (9th Cir. 1987) (citing *Johnson*) (plaintiff's state-law tort claims were time barred by the applicable limitations period, and the plaintiff's EEOC charge based upon the same alleged facts did not toll the limitations period); *see also Colston v. Pingree*, 498 F. Supp. 327, 335 (N.D. Fla. 1980); (citing *Johnson*) ("Filing of a Title VII charge with the EEOC does not toll the limitations period applicable to a § 1981 claim [and thus] Plaintiff's § 1981 claims are time-barred.").[5]

---

[5] The number of district court decisions upholding the ruling in *Johnson* is overwhelming, and Gray is not aware of any district court rejecting the limitations espoused in *Johnson*. Below is a representative sample of district court decisions that demonstrate the wide acceptance of *Johnson* and its principle that an EEOC charge does not toll or alter the statute of limitations period for other related claims, even if those claims are based upon the same set of facts. *Scott v. Transp. Am., Inc.*, 89 F. Supp. 3d 1286, 1287 (N.D. Ala. 2015) (filing of EEOC charge did not toll plaintiff's state law claims on the same set of facts); *Cooper v. Ga. DOT*, No. 1:16-CV-234 (LAG), 2019 U.S. Dist. LEXIS 234537, at *21 (M.D. Ga. Sep. 20, 2019) (filing of EEOC charge did not toll the statute of limitations of plaintiff's § 1983 claim, and the court dismissed the claim as time-barred); *Taite v. Monroe Cnty. Pub. Library*, No. CA 19-0212-TFM-MU, 2019 U.S.

In addition, Gonzalez's notice of right to sue even acknowledges that non-Title VII claims, like Equal Pay Act claims, are not tolled by the filing of an EEOC charge.  Compl. Ex. B.  The notice clarifies that Equal Pay Act claims must be filed within two years of the alleged underpayment, not the conclusion of the EEOC's investigation.  *Id*.  Thus, the holding in *Johnson* has become an entrenched legal principle accepted by not only federal appellate and trial courts, but by the EEOC as well.

Given the well-developed caselaw on this issue, Gonzalez cannot persuasively argue that the limitations period for her FWA claim was tolled during the pendency of her EEOC charge.  In the past 46 years, the Supreme Court, at

Dist. LEXIS 195012, at *25 (S.D. Ala. Nov. 7, 2019) ("[Plaintiff] can make no argument that her filing of the charge of discrimination with the EEOC tolled these limitations periods [for claims under 42 U.S.C. §§ 1981, 1983, 1985 & 1986], as such her argument has been soundly rejected."); *Wood v. City of Cordele*, No. 1:13-cv-11 (WLS), 2013 U.S. Dist. LEXIS 158601, at *17–18 (M.D. Ga. Nov. 6, 2013) ("this court and other federal courts have held that the filing of a charge of discrimination will not toll a statute of limitations"); *Evans v. Mobile Infirmary Med. Ctr.*, No. 04-0364-BH-C, 2005 U.S. Dist. LEXIS 48160, at *16 (S.D. Ala. Aug. 2, 2005) ("It is well-established that the statute of limitations for a plaintiff's state law claims is not tolled while the plaintiff is pursuing administrative remedies with the EEOC."); *Strozier v. Gen. Motors Corp.*, 442 F. Supp. 475, 480 (N.D. Ga. 1977) ("It is settled that the applicable state statute of limitations is not tolled by the filing of a Title VII charge of discrimination with the EEOC."); *see also Pasqualini v. MortgageIT, Inc.*, 498 F. Supp. 2d 659, 668 (S.D.N.Y. 2007) (holding that statute of limitations applicable to plaintiff's intentional infliction of emotional distress and assault and battery claims were not tolled during the pendency of his EEOC charge); *Gardner v. St. Bonaventure Univ.*, 171 F. Supp. 2d 118, 129 (W.D.N.Y. 2001) ("The weight of authority" among district courts in the Second Circuit and in other Circuits "is against tolling state [tort] claims during the pendency of the [administrative charge]"); *Hargett v. Met. Transit Auth.*, 552 F. Supp. 2d 393, 399–401 (S.D.N.Y. 2008) (statute of limitations for intentional infliction of emotional distress claim was not tolled during pendency of EEOC charge); *Gray v. Shearson Lehman Bros., Inc.*, 947 F. Supp. 132, 137 (S.D.N.Y. 1996) (holding that the statute of limitations for state law whistleblower claim was not tolled during pendency of plaintiff's EEOC charge).

- 10 -

least five circuit court of appeals, and a plethora of district courts have flatly rejected Gonzalez's anticipated tolling argument. The outcome here should be no different.

Moreover, any professed concerns that Gonzalez may of had about claim splitting, had she filed an FWA claim before receiving her notice of right to sue, have been raised by numerous plaintiffs in similar circumstances and rejected by numerous federal courts. *Johnson*, 421 U.S. at 465–66; *Castanga*, 744 F.3d at 257–58 (judicial economy concerns over "bring[ing] a separate state court action first and then a federal court action once her Title VII claim had ripened" did not warrant tolling; such concerns could be allayed by requesting the court for a stay in proceedings for the state-law claim until after the EEOC finished its investigation into the Title VII claim); *Scott*, 89 F. Supp. 3d at 1286–87 (same). Thus, any apprehensions Gonzalez may of had about splitting her FWA and Title VII claims are misplaced, given that she could have (and, indeed, should have) filed her FWA within the limitations period and, after filing her FWA claim, sought a stay in the proceedings until she could later join her Title VII claim to the action.

Along those lines, although the Supreme Court acknowledged the EEOC process could have "significant delays" that could induce a plaintiff, like Gonzalez, to delay the filing of a related claim, the Supreme Court *still* held that such delays would not justify tolling. *Johnson*, 421 U.S. at 465. Thus, any forthcoming

arguments from Gonzalez that delays by the EEOC required tolling of her FWA claim should be rejected, consistent with the numerous decisions previously finding the same argument to lack merit.[6]

The Supreme Court in *Johnson* provided clear instructions to plaintiffs, like Gonzalez, who wished to file a corollary claim during the pendency of a their related EEOC charge.  According to the Supreme Court, Gonzalez should have preserved her FWA claim by filing it with the trial court within the applicable limitations period (i.e., on or before October 23, 2019) and subsequently asking the trial court to stay the proceedings until she could join her Title VII claim.  *Id.*  But, like the plaintiff in *Johnson*, Gonzalez failed to take the "minimal steps" to preserve her claim, and her claim should therefore be dismissed as untimely with no recourse to save it.

---

[6] During pre-filing discussions, Gonzalez's counsel has argued that, under the Florida Supreme Court's ruling in *Joshua v. City of Gainesville*, the EEOC's delay in processing Gonzalez's charge required tolling for her FWA claim.  768 So. 2d 432 (Fla. 2000).  However, *Joshua* does not support this argument, and the facts and circumstances involved in the *Joshua* decision are materially different from those in the instant action.  *Joshua* involved the question of whether the one-year or four-year limitations period for a Florida Civil Rights Act ("FCRA") claim should apply if the agency responsible for processing FCRA charges—the Florida Commission on Human Relations ("FCHR")—failed to adequately notify the claimant of its determination and prevented the plaintiff from filing suit in civil court.  *Id.*  Unlike the FCRA claim in *Joshua*, Gonzalez's FWA claim does not have similar administrative remedies that must be exhausted before filing suit in court.  Thus, any alleged delay by the EEOC in processing Gonzalez's Title VII charge did not prevent Gonzalez from filing her FWA claim in civil court.  Like the plaintiff in *Johnson*, Gonzalez had the "unfettered right" to file her FWA claim at any time, regardless of any agency actions or inaction, and "significant delay" by EEOC in the processing of her Title VII charge has no impact on the limitations period of her FWA claim.  *Johnson*, 421 U.S. at 465.

Finally, Gonzalez's anticipated tolling argument lacks factual credibility.  As mentioned above, Gonzalez's tolling argument is premised on her mistaken belief that she could not have filed her FWA claim any sooner because she needed to wait for the EEOC to conclude its investigation before she could file her FWA claim and Title VII claim in one lawsuit and avoid claim-splitting.  But, despite her professed need to join her Title VII and FWA claim into one action, Gonzalez did not *actually* assert a Title VII claim in her Complaint, even after the EEOC gave her a right to sue notice.  Compl. Ex. B.  Gonzalez instead allowed the 90-day limitations period to expire on the Title VII claim, making it time-barred, much like her FWA claim.  *Id*.  As such, Gonzalez should not be allowed to benefit from tolling when she failed to avail herself of the requested tolling in the first place (i.e., waiting to bring her Title VII and FWA claim in one lawsuit).

## **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the Court enter an order dismissing with prejudice Gonzalez's FWA claim for failure to state a claim upon which relief can be granted, and granting such further relief as the Court deems just and proper.

## <u>CERTIFICATE OF WORD LIMIT</u>

Pursuant to Local Rule 7.1(F), the undersigned counsel hereby certifies that the foregoing motion contains 3,602 words.

Date:  May 4, 2021.

/s/ Jason A. Pill
Jason A. Pill
 Florida Bar No.: 70284
Matthew S. Perez
 Florida Bar. No.: 0125572
PHELPS DUNBAR LLP
100 South Ashley Drive, Suite 2000
Tampa, Florida 33602-5311
813-472-7550
813-472-7570 (FAX)
jason.pill@phelps.com
matthew.perez@phelps.com

Attorneys for Defendant Gray Television, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 4, 2021, a true and correct copy of the foregoing

was served via regular U.S. Mail to the following:

Deron T. Roberson Jr.
Aaron C. Roberson
Roberson & Roberson, P.A.
16057 Tampa Palms Blvd. W. #231
Tampa, Florida 33602
D.Roberson@robersonemploymentlaw.com
A.Roberson@robersonemploymentlaw.com

Attorney for Plaintiff


/s/ Jason A. Pill
Attorney

PD.33563328.1