IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

KELLY GONZALEZ,
an individual,

        Plaintiff,

vs.

GRAY TELEVISION, INC., d/b/a
WCJB-TV20 NEWS, a Foreign Profit
Corporation,

        Defendant.
_____/

CASE NO.:1:21-cv-00078-AW-GRJ

## Plaintiff's First Amended Complaint and Demand for Jury Trial

COMES NOW, Plaintiff, Kelly Gonzalez, ("Plaintiff") an individual, and sues Defendant, GRAY TELEVISION, INC., ("Defendant"), a Foreign Profit Corporation, and files this Complaint and states as follows in support thereof:

### Nature of Action

1. This action is brought pursuant to violations of (1) Florida's Private Whistleblower Statute, Fla. Stat. §448.102, *et seq.* and (2) the Florida Civil Rights Act of 1992, as amended Fla. Stat. §760.10, *et seq.*

### Parties

2. Plaintiff, Kelly Gonzalez, is a female citizen of the United States and resides in Hillsborough County, Florida.

3. At all times material, Plaintiff was an employee of Defendant, GRAY TELEVISION, INC.,

4. At all times material, Defendant, GRAY TELEVISION, INC., is a Foreign Profit Corporation licensed to do business in Florida and doing business in Alachua County, Florida.

5. At all times material, Defendant, GRAY TELEVISION, INC., is a corporation that is incorporated in Georgia and has its principal place of business in Atlanta, Georgia.

6. Defendant, GRAY TELEVISION, INC., is an "employer," as defined by the Florida Private Sector Whistleblower Statute Fla. Stat. § 448.101(3) and the Florida Civil Rights Act of 1992, Fla. Stat. §760.01(7)

## Jurisdiction and Venue

7. This Court has subject matter jurisdiction over this action under 28 U.S.C § 1332, on the grounds that complete diversity of citizenship exists between all parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Venue is proper in the Northern District of Florida, Gainesville Division, pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claims occurred in Alachua County, Florida.

## Administrative Prerequisites

9. All conditions precedent to bringing this action have been satisfied and/or waived.

10. Plaintiff timely filed dual a charge with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission. A copy of the charge is attached as Exhibit "A".

11. A notification of Right to Sue was received from the Equal Employment Opportunity Commission on or about October 19, 2020, and a copy is attached as Exhibit "B".

12. More than 180 days have passed since the filing of this charge.

## Factual Allegations

13. On or about August 8, 2016, Ms. Gonzalez began her employment with Defendant as an Associate Producer.

14. On or around November 2016, Ms. Gonzalez was promoted to the position of Weekend Reporter.

15. As a Weekend Reporter, Ms. Gonzalez's stories were frequently featured more so than other Weekend Reporters employed by Defendant.

16. Following Ms. Gonzalez's new promotion to Weekend Reporter, she received a new supervisor, Jon Levy, who led a campaign of abuse and discrimination.

17. For example, the first incident occurred when Ms. Gonzalez and other female co-workers learned that a co-worker, Alan Spencer, kidnapped and sexually assaulted a University of Florida student.

18. As Ms. Gonzalez and the other female co-workers read the police report, Mr. Levy openly defended Mr. Spencer.

19. Mr. Levy's defense of Spencer left the female employees in total shock and disbelief.

20. Another example occurred when a Weekend Reporter failed to follow up on a news story. In response to another Weekend Reporter's failure, Mr. Levy, during a meeting, began banging on the desk and went on a profanity laced tirade toward Ms. Gonzalez.

21. As the meeting continued, any time Ms. Gonzalez began to speak, Mr. Levy would interrupt her and tell her to, "shut the fuck up". Mr. Levy did not speak that way to any of the men in the room.

22. Ms. Gonzalez believed that his profanity laced tirade was based on her sex and she reported Mr. Levy's outburst to Human Resources.

23. After Ms. Gonzalez's complaint to Human Resources, Mr. Levy began a campaign of retaliation.

24. Mr. Levy passed over Ms. Gonzalez for a promotion that was based on seniority. Instead, the position was filled by an unqualified new male hire. That hire was promptly fired for poor performance.

25. Mr. Levy assigned Ms. Gonzalez the only work vehicle known for mechanical problems. This became a running joke at the station that Ms. Gonzalez must be in Mr. Levy's doghouse due to the vehicle assignment.

26. Another incident occurred when Mr. Levy rushed Ms. Gonzalez into the studio to report breaking news. Ms. Gonzalez requested a monitor to check her appearance as customary. Mr. Levy denied the request. Ms. Gonzalez then went on air to report the breaking news.

27. After the segment, Ms. Gonzalez looked around and saw that her female co-workers were stunned. Mr. Levy and the male co-workers began laughing. When Ms. Gonzalez viewed the playback of her performance, she then found that her breasts were partially exposed due to the placement of the microphone. Ms. Gonzalez burst into tears.

28. A few days after that incident, Mr. Levy created an enlarged still image of Ms. Gonzalez's partially exposed breast. He then showed the image in a meeting while the station owner was present.

29. On or around October 24, 2017, after Mr. Levy was promoted to Station Manager, he ended his campaign of abuse and sex discrimination with a final act of retaliation by firing Ms. Gonzalez.

## **Count I Private Whistleblower Statute § 448.102** *et seq.*

30. Plaintiff realleges and adopts the allegations of Paragraphs one (1) through twenty-nine (29), as though fully set forth herein.

31. This is an action for damages pursuant to Florida's Private Whistleblower Statute. F.S. § 448.102 *et seq.*

32. The retaliatory actions described above were conducted by Defendant through its agents or employees, in part or in total, because Plaintiff objected to or refused to participate in the activities, policies, or practices of Defendant which were violations of laws, rules or regulations. Specifically, Plaintiff complained of and/or objected to including but not limited to sex discrimination based on her sex and hostile work environment based on her sex by her Manager, Jon Levy.

33. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages.

**WHEREFORE**, Plaintiff requests an award of back pay, front pay, prejudgment interest, post judgment interest, damages for all employment compensation; all

pecuniary and nonpecuniary damages, reasonable attorney's fees, court costs and any other such damages as this honorable Court deems just.

## **Count II Florida Civil Rights Act – Sexual Harassment**

34. Plaintiff realleges and adopts the allegations of Paragraphs one (1) through twenty-nine (29) as though fully set forth herein.

35. Plaintiff is a member of a protected class due to her sex.

36. The aforementioned actions by supervisor Jon Levy constitute unwelcome sexual harassment.

37. The harassment by Mr. Levy was sufficiently severe and/or pervasive to alter the terms and conditions of Plaintiff's employment.

38. Defendant knew or should have known of the harassment of Plaintiff and failed to take appropriate remedial action.

39. The Defendant's actions were intentional and encouraged an environment where degradation based on sex was common and tolerated.

40. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages.

**WHEREFORE**, Plaintiff requests an award of back pay, front pay, prejudgment interest, post judgment interest, damages for all employment compensation, mental anguish, loss of dignity, punitive damages, reasonable attorney's fees, court costs and any other such damages as this honorable Court deems just.

### Count III Florida Civil Rights Act – Hostile Work Environment

41. Plaintiff realleges and adopts the allegations of Paragraphs one (1) through twenty-nine (29) as though fully set forth herein.

42. Plaintiff is a member of a protected class due to her sex.

43. Defendant created and allowed a discriminatory hostile work environment based on sex that severely or pervasively altered the terms and conditions of Plaintiff's employment.

44. Defendant knew or should have known of the harassment of Plaintiff and failed to take appropriate remedial action.

45. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages.

**WHEREFORE**, Plaintiff requests an award of back pay, front pay, prejudgment interest, post judgment interest, damages for all employment compensation, mental anguish, loss of dignity, punitive damages, reasonable attorney's fees, court costs and any other such damages as this honorable Court deems just.

### Count IV Florida Civil Rights Act – Retaliation §760.10 (7)

46. Plaintiff realleges and adopts the allegations of Paragraphs one (1) through twenty-nine (29) as though fully set forth herein.

47. Plaintiff engaged in protected activity by opposing an employment practice made unlawful by the Florida Civil Rights Act when Plaintiff

reported Mr. Levy to Defendant's Human Resources Department due to his Sexual Harassment and creation of a Hostile Work Environment based on sex.

48. In retaliation for engaging in protected activity, Plaintiff suffered an adverse employment action including, but not limited to, when Defendant terminated Plaintiff's employment.

49. As a direct and proximate result of the Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages.

**WHEREFORE**, Plaintiff requests an award of back pay, front pay, prejudgment interest, post judgment interest, damages for all employment compensation, mental anguish, loss of dignity, punitive damages, reasonable attorney's fees, court costs and any other such damages as this honorable Court deems just.

### DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury as to all counts.

Dated: May 17, 2021.

                           Respectfully submitted,

                           ROBERSON & ROBERSON P.A.

                           */s/ Deron T. Roberson Jr.*
                           DERON T. ROBERSON, JR.
                           Florida Bar Number 1011941
                           ROBERSON & ROBERSON P.A.
                           Email:
                           D.Roberson@robersonemploymentlaw.com

Info@robersonemploymentlaw.com
16057 Tampa Palms Blvd W. #231
Tampa, Florida 33602
Phone: 813.808.3688
Attorneys for Plaintiff